

# THE ATTORNEY GENERAL
## OF TEXAS

April 7, 1987

**JIM MATTOX**
**ATTORNEY GENERAL**

JM 771

Affirmed by ..............................

Honorable Bill Haley
Chairman
Public Education Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No. JM-670

Re: Applicability of section 19.022 of the Texas Education Code to a proposal to transfer 1200 residential units from one school district to another

Dear Representative Haley:

Your inquiry as to the applicability of section 19.022 of the Texas Education Code is prompted by a proposal to transfer 1200 residential units from the Dallas Independent School District [D.I.S.D.] to the Richardson Independent School District [R.I.S.D.]. Section 19.022, subchapter B, "Detachment; Annexation," provides:

> (a)  In accordance with this section, territory may be detached from a school district and annexed to another school district that is contiguous to the detached territory. A petition requesting the detachment and annexation must be presented to the commissioners court of the county to which the receiving district is assigned for administration purposes by the Central Education Agency and to the commissioners court of the county to which the district from which the territory to be detached is assigned for administration purposes. Each commissioners court to which a petition is required to be presented must conduct a hearing and enter an order as provided by this section for the annexation to be effective.

> (b)  The petition requesting detachment and annexation must:

> (1)  be signed by a majority of the registered voters residing in the territory to be detached from one district and added to the other; and

> (2)  give the metes and bounds of the territory to be detached from one district and added to the other.

(c) The proposed annexation must be approved by a majority of the board of trustees of the receiving district.

(d) Unless the petition is signed by a majority of the trustees of the district from which the territory is to be detached, territory may not be detached from a school district under this section if detachment would reduce that district's tax base by a ratio at least twice as large as the ratio by which it would reduce its membership. The first ratio is determined by dividing the assessed value of taxable property in the affected territory by the assessed value of all taxable property in the district, both figures according to the preceding year's tax rolls. The second ratio is determined by dividing the number of students residing in the affected territory by the number of students residing in the district as a whole, using membership on the last day of the preceding school year and the students' places of residence as of that date.

(e) A school district may not be reduced to an area of less than nine square miles.

(f) Immediately following receipt of the petition and notice of the approval as required by this section, the commissioners court shall give notice of the contemplated change by publishing and posting a notice in the manner required for an election order under Section 19.003 of this code. In addition, the commissioners court shall give written notice to the trustees of each affected district. The notice must specify the place and date at which a hearing on the matter shall be held. At the hearing, affected persons, including the trustees of affected districts, are entitled to an opportunity to be heard.

(g) At the hearing, the commissioners court shall consider the social, economic, and educational effects of the proposed annexation. After the conclusion of the hearing, the commissioners court shall make findings as to the social, economic, and educational effects and shall, on the basis of those findings, adopt an order rejecting the petition or transferring the territory and redefining the boundaries of the districts affected

by the transfer.  The findings and order shall be recorded in the minutes of the court.

(h)  Title to all real property of the annexed district within the territory annexed vests in the receiving district, and the receiving district assumes and is liable for any portion of the annexed district's indebtedness that is allocated to the receiving district under Section 19.004 of this code.

Factual information accompanying your inquiry reflects that the petitioners are residents of a "relatively small isolated area" in the D.I.S.D.  It is the "only [area] in the entire D.I.S.D. in which children in kindergarten up to the 4th grade are bused over crowded streets to schools which are located more than 7 miles from our area. Yet, next door to our area are ample R.I.S.D. schools which are not being fully utilized, and R.I.S.D. officials have indicated their willingness to have our area annexed to their district." Petitioners, pursuant to the provisions of section 19.022, prepared and presented their petition to the Dallas County Commissioners Court asking that the area in question be annexed to the Richardson Independent School District.  Upon approval of the petition, the Commissioners Court of Dallas County, in accordance with the requirements of section 19.022, gave notice of the contemplated change to the trustees of the affected districts.  Subsequently, "a representative of D.I.S.D. informed us and others in writing that in his opinion section 19.022 did not apply but rather section 19.008 which requires D.I.S.D. as well as R.I.S.D. approval, and that such was not likely."

You state that the receiving district had originally indicated its approval, but in light of the action by D.I.S.D. trustees, the trustees of the R.I.S.D. have become reluctant to consider same before the "approval by D.I.S.D."

Section 19.008, subchapter A, "General Provisions," provides in pertinent part:

(a)  Any change in the boundaries of an independent school district governed by an elective board of nine members and located in a county having a population of 100,000 or more is not effective unless approved by a majority of the board of trustees of the district.  (Emphasis added).

Chapter 19 of the Texas Education Code was amended by House Bill No. 634, Acts 1983, 68th Leg., ch. 285, at 1380, eff. Sept. 1, 1983. The bill stated that chapter 19, as amended, was to be "a substantive

revision of the laws concerning creation, consolidation and abolition of school districts." Included therein are sections 19.022 and 19.008 which give rise to the issue addressed in your inquiry.

Sections 19.022 and 19.008, being part of the same act by the Sixty-eighth Legislature, a well known rule of construction set forth in Attorney General Opinion M-650 (1970) is applicable. There it was stated:

> 'Another fundamental rule requires that a statute be construed as a whole and that all of its parts be harmonized if possible, so as to give effect to the entire act according to the evident intention of the legislature. . . . [T]he Court will endeavor to reconcile the various provisions of the act, insofar as they may appear to be conflicting or inconsistent, to the end that the enactment and every word, phrase, clause, and sentence may have its proper effect.
>
> Each part of the statute is to be considered in connection with every other part and with the entire enactment, in order to produce a harmonious whole and to reach the true legislative intent. Thus, in case of doubt as to the meaning of a particular word, clause, provisions, or section, it is to be viewed in the light of all the language employed. It follows that a provision will not be given a meaning out of harmony with other provisions and inconsistent with the purpose of the act, although it would be susceptible of such construction standing alone.'   53 Tex. Jur. 2d 229-32, Statutes, Sec. 160.

In an attempt to harmonize the two sections, we must construe chapter 19 as a whole in arriving at the intent of the legislature. Applying this analysis, it is our opinion that section 19.008 provides an exception to section 19.022 in that before any changes can be made in the boundaries of a school district coming within the provisions of section 19.008, a majority of the trustees of that district must give its approval. An exception, as a general rule, is strictly construed and applied. See Attorney General Opinion M-507 (1969).

The territory sought to be detached under section 19.022 is in the Dallas Independent School District. This is a school district governed by a board of nine elective members and located in a county having a population of more than 100,000. Thus, the Dallas Independent School District comes within the provision of section 19.008 and

a majority of its board of trustees must approve any action which results in any change in the boundaries of the district.

### S U M M A R Y

Before a transfer of "1200 residential units" can be made from the Dallas Independent School District to the Richardson Independent School District by detachment and annexation of territory under section 19.022 of the Texas Education Code, a majority of the board of trustees of the Dallas Independent School District, in accordance with the provisions of section 19.008 of the Texas Education Code, must give its approval.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General